# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**THOMAS EDWARD CAMPBELL**                                                                 **PLAINTIFF**

v.                                                                    CIVIL NO. 3:17-cv-959-HSO-JCG

**OFFICER STEVEN WHEELER et al.**                                                  **DEFENDANTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies (ECF No. 25), filed by Defendants Steven Wheeler, Ashley Ray, Lynette Benton, Norris Hogans, and Management & Training Corporation (MTC). Plaintiff Thomas Edward Campbell, a *pro se* prisoner proceeding *in forma pauperis,* has filed a Response (ECF No. 28). Having considered the submissions of the parties, the record, and relevant law, the undersigned recommends that Defendants' Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies be GRANTED and Plaintiff's claims dismissed without prejudice.

## BACKGROUND

Plaintiff is a postconviction inmate in the custody of the Mississippi Department of Corrections (MDOC) serving a sentence of twelve years for methamphetamine sales and three years for sexual battery. *See Campbell v. Fisher,* 3:16-cv-130-HTW-LRA (S.D. Miss. Nov. 29, 2016) (dismissing Plaintiff's petition for writ of habeas corpus relief). Plaintiff has filed ten civil rights lawsuits in this Court

while incarcerated, with seven cases pending at this time.[1]

Plaintiff filed this suit on December 5, 2017, alleging that his constitutional rights were violated during his incarceration at East Mississippi Correctional Facility (EMCF) in Meridian, Mississippi. Plaintiff's Complaint references several altercations involving Plaintiff and other inmates in his housing unit in May 2017 and July 2017. Plaintiff charges Defendants with failing to protect him from harm.

Plaintiff alleges that on May 10, 2017, he was assaulted and robbed of certain personal belongings by inmate Carlos Moody and Moody's cell mate. (ECF No. 1, at

---

1 *Campbell v. Abangan*, 3:15-cv-00803-RHW (S.D. Miss., closed Aug. 30, 2017) (claims alleging inadequate medical care for hemorrhoid condition and claim that rectal examination constituted cruel and unusual punishment dismissed on summary judgment)

*Campbell v. Townsend*, 3:17-cv-00183-LRA (S.D. Miss., pending)(alleging inadequate medical care)

*Campbell v. Dykes*, 3:17-cv-00184-TSL-RHW (S.D. Miss., pending) (alleging failure to protect)

*Campbell v. Smith*, 3:17-cv-00185-FKB (S.D. Miss., pending) (alleging inadequate medical care) (set for bench trial on August 13, 2019)

*Campbell v. Abangan*, 3:17-cv-00186-FKB (S.D. Miss., pending) (alleging inadequate medical care) (set for bench trial on August 13, 2019)

*Campbell v. Taylor*, 3:17-cv-00187-FKB (S.D. Miss., pending) (alleging inadequate medical care) (set for bench trial on August 13, 2019)

*Campbell v. M.T.C.*, 3:18-cv-00100-DPJ-FKB (S.D. Miss., closed May 9, 2018) (voluntarily dismissed)

*Campbell v. Benton*, 3:18-cv-00376-TSL-RHW (S.D. Miss., pending) (alleging failure to protect)

*Campbell v. Arnold*, 3:18-cv-00380-HTW-LRA (S.D. Miss., closed Dec. 13, 2018) (voluntarily dismissed)

4). Plaintiff claims that Officer Wheeler and Sergeant Ray left him unprotected, and Investigator Sistrunk did not fulfill his promise to look at the camera footage. *Id.*

Plaintiff alleges that on May 12, 2017, or May 13, 2017, inmates Billy Lester and Tony Pierce drug him out of his cell and "tried to kick me to sleep in front of my cell." *Id.*

Plaintiff claims that on May 17, 2017, Lester and two other inmates, William Chunn and Otis Taylor, entered his cell after 4 p.m. count while he was sleeping. *Id.* at 4-5. Plaintiff alleges that Lester "beat me upside the head until I gave him the combination to my locker and bruised my head and blacked my left eye." *Id.* Plaintiff maintains that the inmates took the remainder of his personal belongings that were not taken the week before. *Id.* Plaintiff claims that when Officer Wheeler and Sergeant Ray came on the zone shortly after to deliver dinner trays, Plaintiff showed them his injuries and the destruction of his legal work. *Id.* Plaintiff submits that he asked both officers to check the security cameras. *Id.*

Plaintiff claims that on May 18, 2017, he saw Nurse Townsend regarding bruises on his head and a black eye. *Id.* at 6. Plaintiff asked Nurse Townsend for help getting the inmates who assaulted him moved. *Id.* Nurse Townsend went to the officers in charge, and the inmates were moved to another unit. *Id.*

Plaintiff claims that on July 9, 2017, an inmate named "Peanut" came into his cell while Plaintiff was eating lunch and assaulted him with a lock. *Id.* at 7. Plaintiff claims that he had never had any prior problems with Peanut. *Id.* Plaintiff asserts that the assault by Peanut occurred not long after inmate Jerome Kelly was

3

moved to the housing unit. *Id.* Plaintiff maintains that he previously red-tagged Kelly, but Unit Manager Benton allowed Kelly to be assigned to his zone anyway. *Id.* at 6-7. Plaintiff claims Peanut and Kelly are both gang members. *Id.* Plaintiff states that he was medically evaluated after the incident and reassigned to a different unit. *Id.*

On August 7, 2018, Defendants filed the instant Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies. Accompanying the Motion, Defendants submitted the Affidavit of Tina Bolden, who is employed by MTC as the Administrative Remedy Program (ARP) Coordinator at EMCF. (ECF No. 25-1). Bolden oversees and manages the processing of inmate grievances. *Id.* at 1. According to Bolden, Plaintiff "has been a frequent filer in the ARP process throughout his incarceration at EMCF. His ARP records are voluminous." *Id.* at 2. In her affidavit, Bolden summarizes Plaintiff's grievances submitted through the ARP process since the beginning of 2017. *Id.* at 2-8. Plaintiff's grievance records since 2017 are attached to Bolden's affidavit. *Id.* at 10-172.

Bolden avers that Plaintiff did not file grievances through the ARP process regarding any of the altercations that he now alleges occurred in his housing unit in May 2017. (ECF No. 25-1, at 8; ECF No. 26, at 4). According to Bolden's Affidavit, Plaintiff submitted four grievances between July 11, 2017, and July 15, 2017, that were not accepted into the ARP process and were returned to Plaintiff because Plaintiff already had ten grievances pending in backlog. (ECF No. 25-1, at 4-5). One

of the returned grievances, dated July 12, 2017, complained about Peanut striking Plaintiff with a lock in an alleged incident occurring three days earlier. *Id.*

Plaintiff asserts that he attempted to file grievances regarding the altercations in his Complaint, but they were returned to him and not accepted because he had ten grievances already pending in backlog. (ECF No. 1, at 6; ECF No. 28, at 3-4). Plaintiff alleges that Bolden "allowed the kitchen to hold one of my ARPs for over 4 months. Making it impossible for me to exhaust my ARP's all the way through." (ECF No. 28, at 4). According to Bolden's Affidavit, Plaintiff withdrew four grievances on July 13, 2018, that were in backlog. (ECF No. 25-1, at ¶¶ 23, 28, 31, 32). Plaintiff submits that Bolden began processing his grievances again in August 2017. (ECF No. 28, at 4-5).

## DISCUSSION

A. <u>Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,*

477 U.S. 317, 322 (1986); *see also Moore v. Miss. Valley State Univ.,* 871 F.2d 545, 549 (5th Cir. 1989); *Washington v. Armstrong World Indus.,* 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323-24. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." *Kennett-Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will be able to prevail at trial. *Nat'l Screen Serv. Corp. v. Poster Exchange, Inc.,* 305 F.2d 647, 651 (5th Cir. 1962).

B. <u>Plaintiff Failed to Exhaust MDOC's ARP</u>

This suit is subject to the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the United States Code). Under the PLRA, inmates must exhaust "such administrative remedies as are available" prior to bringing a civil action. 42 U.S.C. § 1197e(a). The exhaustion requirement applies to all lawsuits which challenge prison conditions and is not limited to civil rights claims brought under 42 U.S.C. § 1983. *Woodford v. Ngo,* 548 U.S. 81, 85 (2006). The PLRA's exhaustion requirement is mandatory, "foreclosing judicial discretion." *Ross v. Blake,* 136 S. Ct. 1850, 1857 (2016).

The United States Supreme Court has "identified the benefits of exhaustion to include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219 (2007) (citing *Ngo,* 548 U.S. at 89). To exhaust administrative remedies, a prisoner must use "all the steps that the agency holds out, and do[ ] so properly (so that the agency addresses the issue on the merits)." *Ngo,* 548 U.S. at 90 (quotation marks omitted). "[P]roper exhaustion" means a prisoner cannot fulfill the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* at 90-91. Prison officials must receive "fair notice of the problem that will form the basis of the prisoner's suit." *Johnson v. Johnson,* 385 F.3d 503, 516

7

(5th Cir. 2004). While a grievance need not advance a specific legal theory, it "should . . . give[ ] officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Id.* at 517.

"Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Exhaustion is an affirmative defense. *Id.* The defense "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Id.* (citing *Martin v. Alamo Cmty. Coll. Dist.,* 353 F.3d 409, 412 (5th Cir. 2003)). "Since exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.* at 272. "[T]he judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed to the merits." *Id.* at 273.

Correctional facilities under the authority of MDOC have adopted an ARP as allowed by Miss. Code Ann. § 47-5-801. *See* MDOC Inmate Handbook, Ch. VIII, Administrative Remedy Program.[2] The ARP is a "formal two-step process for handling inmate grievances." *Yankton v. Epps,* 652 F. App'x 242, 245 (5th Cir. 2016) (citing Miss. Code § 47-5-801, *et seq.*; *Wilson v. Epps,* 776 F.3d 296, 300 n.2 (5th Cir. 2015)). Inmates are required to initially submit their grievance in writing to the

---

[2] http://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf

Legal Claims Adjudicator within thirty days of the incident. (ECF No. 25-1, at 1). If, after screening, a grievance is accepted into the ARP process, the request is forwarded to the appropriate official, who will issue a first step response. *Id.* If the inmate is unsatisfied with this response, he may continue to the second step by using ARP form ARP-2 and sending it to the Legal Claims Adjudicator. *Id.* at 1-2. A final decision will be made by the warden. *Id.* If the offender is not satisfied with the second step response, he may file suit in state or federal court. *Id.* at 2.

Chapter VIII of MDOC's Inmate Handbook provides that "[i]f an inmate submits additional requests during the period of Step One review of his request, the first request will be accepted and handled. The others will be logged and set aside for handling at the Director's discretion." MDOC Handbook, Ch. VIII, Administrative Remedy Program. "A maximum of 10 requests will be logged. Requests above that number will be returned to the inmate and not filed." *Id.*

A prisoner has no constitutional right to file a grievance and receive a response. *Wilson v. Boise,* 252 F.3d 1356, 2001 WL 422621, *3 (5th Cir. 2001). In *Wilson v. Boise,* the Fifth Circuit found that an inmate's "backlogged claims result directly from his own litigiousness. Were we to hold prison authorities to the standard deadlines on all claims, prisoners could easily circumvent the requirement of exhaustion simply by filing voluminous numbers of complaints, knowing that the authorities would not be able to address all of them in a timely fashion." *Id.* at 4.

In *Thomas v. Prator,* the Fifth Circuit found that "[t]he evidence . . . indicates that Thomas violated the grievance policy by filing multiple grievances during the

9

period of step-one review and that his abuse of the procedure resulted in a backlog of unanswered grievances. As such, the failure to exhaust is not fairly attributable to an impediment created by prison officials such that the exhaustion requirement would be excused." 172 F. App'x 602, 2006 WL 825560, *1 (5th Cir. 2006) (dismissing appeal sua sponte as meritless).

In *Moran v. Jindal,* the Fifth Circuit found that the prison's failure to grant the prisoner relief on an emergency grievance and the subsequent placement of his grievance on backlog did not excuse the prisoner's failure to exhaust administrative remedies. 450 F. App'x 353, 2011 WL 5555670, *1 (5th Cir. 2011). The Fifth Circuit held that the prisoner had "not shown that his situation was one of "one of those rare instances" that would warrant an exception to the exhaustion requirement. *Id.* (citing *Days v. Johnson,* 322 F.3d 863, 866 (5th Cir. 2003)).

In *Wilson v. Epps,* the Fifth Circuit addressed MDOC's ARP specifically and found that it did not violate the constitution. 776 F.3d 296, 301 (5th Cir. 2015). This Court has found on several occasions that MDOC's backlogging procedure does not excuse a prisoner's failure to exhaust administrative remedies. *See Jones v. Denmark,* Civil Action No. 1:14-cv-258-LG-JCG, 2016 WL 4126387 (S.D. Miss. July 5, 2016), report and recommendation adopted, 2016 WL 4126537 (S.D. Miss. Aug. 2, 2016); *Wilson v. Epps,* Civil Action No. 3:10-cv-518-FKB (S.D. Miss. July 31, 2013); *White v. Epps,* Civil Action No. 2:09-cv-171-KS-MTP, 2010 WL 2539659 (S.D. Miss. Mar. 3, 2010), report and recommendation adopted, 2010 WL 2540113 (June 16, 2010).

As established by Plaintiff's own averments and the affidavit of Tina Bolden, Plaintiff did not complete MDOC's two-step ARP process concerning any claims in this suit because Plaintiff had "a maximum of 10 requests" backlogged at the time Plaintiff maintains that he attempted to submit requests through EMCF's ARP. Plaintiff's failure to exhaust is not fairly attributable to any impediment created by prison officials but instead attributable to Plaintiff's abuse of the ARP process. MDOC's backlogging procedure does not excuse Plaintiff's failure to exhaust administrative remedies. All of Plaintiff's claims against all Defendants, including unserved Defendant Brady Sistrunk, are barred by 42 U.S.C. § 1997e(a) and should be dismissed without prejudice.

## RECOMMENDATION

The undersigned recommends that the Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies (ECF No. 25), filed by Defendants Steven Wheeler, Ashley Ray, Lynette Benton, Norris Hogans, and Management & Training Corporation be GRANTED. All of Plaintiff's claims against all Defendants, including unserved Defendant Brady Sistrunk, are barred by 42 U.S.C. § 1997e(a) and should be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

In accordance with Local Uniform Civil Rule 72(a)(3) and 28 U.S.C. §636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the proposed findings and recommendations. The District Judge at that time may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation within fourteen days after being served with a copy shall bar that party, except under grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. §636(b)(1). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections.

**SIGNED,** this the 18th day of January, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE