# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | | |
|---|---|---|
| **THOMAS EDWARD CAMPBELL** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 3:17cv959-HSO-JCG |
| | § | |
| **OFFICER STEVEN WHEELER**, *et al.* | § | **DEFENDANTS** |

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [30], GRANTING DEFENDANTS' MOTION [25] FOR SUMMARY JUDGMENT, AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE

BEFORE THE COURT are Defendant's Motion [25] for Summary Judgment for Failure to Exhaust Administrative Remedies and United States Magistrate Judge John C. Gargiulo's Report and Recommendation [30], entered in this case on January 18, 2019. The Magistrate Judge recommended that Defendants' Motion [25] for Summary Judgment be granted for failure to exhaust administrative remedies. After thoroughly reviewing the Magistrate Judge's Report and Recommendation [30], Defendants' Motion [25] for Summary Judgment, the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [30] should be adopted as the finding of the Court, Defendant's Motion [25] should be granted, and Plaintiff's claims should be dismissed without prejudice.

1

I. BACKGROUND

A. Plaintiff's claims

Plaintiff Thomas Edward Campbell ("Plaintiff" or "Campbell") filed a Complaint [1] pursuant to 42 U.S.C. §1983 in this Court on December 5, 2017. At that time, Plaintiff was incarcerated at the East Mississippi Correctional Facility ("EMCF") in Meridian, Mississippi.[1] Compl. [1] at 1. Plaintiff brought suit against Officer Steven Wheeler, Lieutenant Ashley Ray, Brady Sistrunk, Lynette Benten, Warden Norris Hogan, and the Management & Training Corporation (collectively "Defendants"). Order, March 30, 2018. Plaintiff alleged that Defendants violated his constitutional rights when they failed to protect him from several altercations between him and other inmates that occurred at EMCF in May and July of 2017. Compl. [1] at 4-12. Plaintiff avers that he completed the Administrative Remedy Program ("ARP") regarding the claims in his Complaint [1] and states that he requested the claims be investigated. Compl. [1] at 2.

On August 7, 2018, Defendants filed a Motion [25] for Summary Judgment based on Plaintiff's Failure to Exhaust Administrative Remedies. Mot. [25]; Mem. in Support [26]. Defendants assert that Plaintiff did not exhaust any of his claims. In support of their Motion [25], Defendants attach the ARP record of grievances for Plaintiff and an affidavit of Tina Bolden, the ARP Coordinator. Mem. in Support [26]; Bolden Aff. [25-1]. Ms. Bolden summarizes the ARP grievances Plaintiff filed since January 2017 and explains that the ARPs Plaintiff complains of in this case

---

[1] While Plaintiff is currently not incarcerated at EMCF, this case relates to events that occurred there.

were submitted but rejected due to a backlog of more than ten grievances already submitted by Plaintiff. Bolden Aff. [25-1]. On September 11, 2018, Plaintiff filed a Response [28] to Defendants' Motion [25], arguing that his grievances should have been processed despite the backlog. Resp. [28].

On January 18, 2019, the Magistrate Judge entered his Report and Recommendation [30], recommending that the Court grant Defendants' Motion [25] and dismiss Plaintiff's suit without prejudice. The Report and Recommendation [30] was mailed to Plaintiff's address of record on January 18, 2019, return receipt requested. Staff Note, Jan. 18, 2019. On January 24, 2019, Plaintiff filed a Change of Address [31], and the Court re-mailed the Report and Recommendation [30] to his new address of record with return receipt requested, Staff Note, Jan. 25, 2019. The Report and Recommendation [30] mailed to the new address on January 25, 2019, was Returned as Undeliverable [33] on February 25, 2019. Plaintiff has not submitted any objections to the Report and Recommendation [30], and the time for doing so has expired.

## II. DISCUSSION

Where no party has objected to a magistrate judge's proposed findings of fact and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse

3

of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Mississippi Department of Corrections' ARP backlogging procedure does not excuse a prisoner's failure to exhaust his administrative remedies. *See, e.g., Thomas v. Prator*, 172 F. App'x 602 (5th Cir. 2006) (dismissing appeal where plaintiff failed to exhaust administrative remedies because abuse of procedure resulted in a backlog of unanswered grievances). Plaintiff admits that he did not complete the ARP process regarding his claims and only argues that his grievances should have been processed despite the backlog. Resp. [28]. As such, Plaintiff has failed to exhaust administrative remedies.

Having conducted the required review, the Court concludes that the Magistrate Judge thoroughly considered all issues and that the Report and Recommendation [30] is neither clearly erroneous nor contrary to law. The Report and Recommendation should be adopted as the opinion of the Court.

## III. CONCLUSION

The Court finds that the Magistrate Judge properly recommended that Defendants' Motion [25] for Summary Judgment for Failure to Exhaust Administrative Remedies be granted and Plaintiff Thomas Edward Campbell's suit be dismissed. The Report and Recommendation [30] will be adopted as the opinion of the Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [30] entered in this case on January 18, 2019,

4

is adopted as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants' Motion [25] for Summary Judgment for Failure to Exhaust Administrative Remedies is **GRANTED**, and Plaintiff Thomas Edward Campbell's case is **DISMISSED WITHOUT PREJUDICE**.  A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 7th day of March, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE